# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

**WESTERN SECTION**
**CIVIL ACTION**
**NO.** _04-30239 -MAP_

John W. Rutledge a minor, by his next
friend, Lisa Tinney,
                                **PLAINTIFF**

                    **v.**

Sergeant Kevin Pacunas, individually and in
his official capacity as a Police Officer for the
Town of Belchertown Police Department,

Officer William Panto, individually and in
his official capacity as a Police Officer for the
Town of Belchertown Police Department,
and

The Town of Belchertown, a Municipal
Corporation established under the laws of
the Commonwealth of Massachusetts,
                                **DEFENDANTS**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**JURISDICTION**

1) This is an action under the Federal Civil Rights Act, 42 U.S.C. Sections 1983 and 1988. The
   Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343. The plaintiff further
   invokes the pendent jurisdiction of this Court to consider the claims arising under state law
   sounding in tort, the Massachusetts Tort Claims Act, M.G.L. Chapter 258 § 4, the
   Declaration of Rights of the Massachusetts Constitution, and Massachusetts Civil Rights Act,
   M.G.L. Chapter 12, Sections 11 H and 11 I.

2) There exists between the parties an actual controversy justiciable in nature.


**PARTIES**

- 1 -

3) The plaintiff, John W. Rutledge, has at all times relevant to the allegations of this Compliant been a resident of the Town of Belchertown, Hampden County, in the Commonwealth of Massachusetts.

4) Defendant Kevin Pacunas, is employed as a Sergeant for the Town of Belchertown Police Department, who at the time of the incident which is the subject of this complaint, was believed to be assigned as the supervisor on duty in the Town of Belchertown, Hampden County, Massachusetts (hereinafter "Sergeant Pacunas").

5) Defendant William Panto, is employed as a Police Officer for the Town of Belchertown Police Department, who, at the time of the incident which is the subject of this complaint, was believed to be assigned to direct traffic at a high school dance recital in, Hampden County, Massachusetts (hereinafter "Officer Panto").

6) Defendant, Town of Belchertown, has at all times relevant to the allegations of this Complaint been a Municipal Corporation duly established under the laws of the Commonwealth of Massachusetts. The Town of Belchertown, through its officers, employees and/or agents, was at all times responsible for the practices, customs and policies of the Town of Belchertown Police Department and all of its individual members including adequate training, supervising, investigating and disciplining of the chief of police, police supervisory officials, and police officers.

## STATEMENT OF FACTS

7) On Friday June 18, 2004 at approximately 5:00 p.m., plaintiff went to the Belchertown High School with his elderly grandmother, mother, and his younger sister to watch his sister perform in a dance recital. Upon arriving at the high school there was a line of about two hundred people awaiting to enter the dance. The plaintiff waited in that line with his grandmother and the sister went in to prepare for the performance with her mother.

8) While waiting in the line the plaintiff decided to run around the building to pass the time, while being encouraged by his grandmother in order to keep him occupied for the wait. This was a ritual that the two did each year at this performance and it has been an ongoing family event for five years.

9) Upon the plaintiff's third time around the school he became tired and leaned, or sat upon a window sill. As a result his buttocks pushed the screen in and he accidentally damaged the screen. He was surprised at his mistake and attempted to push the screen back into its correct shape. However, he was instead attacked by the defendant, Officer Panto, who yelled at him to "stop and get away from the window."

10) The plaintiff, a young boy, was frightened by the man's shouting and ran full speed to his grandmother in the line in front of the school.

11) Officer Panto chased the boy and gathered assistance by two men that were custodians at the

school. They pushed through a crowd of people and then, all three men, grabbed this boy that weighed no more than 130lbs and slammed his face on the cement sidewalk. The plaintiff's nose burst open with blood and Officer Panto pushed his face once again into the sidewalk causing him severe injury.

12) The two men, under Officer Panto's instruction, lifted the boy up by his handcuffed arms and then dragged him away from the crowd to a dark alley behind the school.

13) Sergeant Pacunas arrived with a marked cruiser to assist Officer Panto with the arrest of the Plaintiff. Shortly after his arrival the Sergeant and the Officer used pepper spray to subdue the Plaintiff's mother when she questioned why her son's nose was bleeding. Then they pepper sprayed the plaintiff, who was already in handcuffs and non resistive. Bother parties were then taken to the Belchertown Police Department for booking.

14) Later the plaintiff went to seek medical attention and learned that his nose was fractured and that he was badly bruised, humiliated, and fearful of police officers.

CAUSES OF ACTION

COUNT I
VIOLATION OF 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS

15) Plaintiff herby incorporates by reference the allegations contained in Paragraphs 1 through 14 of this Complaint, as though fully set forth herein.

16) Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendants Sergeant Pacunas, and Officer Panto for violation of his constitutional rights under color of law.

COUNT II
ASSAULT AND BATTER AGAINST INDIVIDUAL DEFENDANTS

17) Plaintiff herby incorporates by reference the allegations contained in Paragraphs 1 through 14 of this Complaint, as though fully set forth herein.

18) Defendant Sergeant Pacunas and Officer Panto assaulted and battered the Plaintiff. This assault was resultant of the use of excessive force when smashing the Plaintiff to the cement twice, and escalating to the use of pepper spray on non-resisting and handcuffed detainee.

19) As a result of this assault and battery, Plaintiff suffered damages as aforesaid.

COUNT III
VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT ALL DEFENDANTS

20) Plaintiff herby incorporates by reference the allegations contained in Paragraphs 1 through 14 of this Complaint, as though fully set forth herein.

21) By engaging in the conduct described above, including the use of excessive force while making an arrest, the defendants interfered with an deprived the plaintiff of his exercise and enjoyment of his civil rights secured under the laws of the Commonwealth of Massachusetts, in violation of M.G.L. c. 12 § 11 I.

22) As a direct and proximate result of the defendants' violations of M.G.L. c. 12 § 11 I, plaintiff suffered the injuries described above.

COUNT IV
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINS ALL DEFENDANTS

23) Plaintiff herby incorporates by reference the allegations contained in Paragraphs 1 through 14 of this Complaint, as though fully set forth herein.

24) The intentional and grossly reckless actions described above attributable to each defendant, jointly and severally were outrageous and beyond the scope of common decency.

25) The intentional and or grossly reckless actions described above attributable to each defendant, caused the plaintiff to suffer great emotional distress.

COUNT V
VIOLATION OF 42 U.S.C. § 1983 AGAINST TOWN OF BELCHERTOWN

26) Plaintiff herby incorporates by reference the allegations contained in Paragraphs 1 through 14 of this Complaint, as though fully set forth herein.

27) Prior to June 18, 2004, the Town of Belchertown developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Belchertown, which caused the violation of the Plaintiff's rights.

28) It was the policy and/or custom of the Town of Belchertown to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the Town of Belchertown.

29) It was the policy and/or custom of the Town of Belchertown to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The town did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

30) As a result of the above described policies and customs, police officers of the Town of Belchertown, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or

- 4 -

sanctioned, but would be tolerated.

31) The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the Town of Belchertown to the constitutional rights of persons within the Town, and were the cause of the violations of Plaintiff's rights alleged herein.

COUNT VI
NEGLIGENCE MASSACHUSSETTS TORT CLAIM

32) Plaintiff herby incorporates by reference the allegations contained in Paragraphs 1 through 14 of this Complaint, as though fully set forth herein.

33) The defendant, Town of Belchertown, is liable to the plaintiff for damages pursuant to M.G.L. c. 258 § 4.

Wherefore, Plaintiff prays that judgment be entered on his behalf, and:

1) Award appropriate compensatory damages to plaintiff John W. Rutledge from the defendants jointly and severally in an amount to be determined by the Court;

2) Award punitive damages to the plaintiff John W. Rutledge from Sergeant Pacunas,and Officer Panto in an amount to be determined by the court;

3) Award the plaintiff costs, interest and attorney's fees;

4) Award such other relief as this Court deems just, equitable and appropriate.

**THE PLAINIFF HEREBY DEMANDS A JURY TRIAL**

Dated: December 1, 2004

Respectfully submitted,
The Plaintiff
By his Attorney,

Joseph K. Chancellor
BBO: 649597
116 Pleasant Street, Suite 17
Easthampton, MA 01027
Phone:      (413) 527-7111
Fax:        (413) 527-5444

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS—44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

John W. Rutledge a minor, by his next friend Lisa Tinney

**DEFENDANTS** Sgt. Kevin Pacunas, individually and in his capacity as a police officer for the Town of Belchertown, Officer William Pinto, individually and in his official capacity as a police officer, and The Town of Belchertown as a municipal corp.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT *Hampshire*
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph K. Chancellor
116 Pleasant Street, Suit D
Easthampton, MA 01027   (413) 527-2111

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF (For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

|                                   | PTF | DEF |                                                    | PTF | DEF |
|-----------------------------------|-----|-----|----------------------------------------------------|-----|-----|
| Citizen of This State             | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State          | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                              | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--------------------|-----------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury | **PERSONAL INJURY** ☐ 362 Personal Injury — Med. Malpractice ☐ 365 Personal Injury — Product Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health ☐ 690 Other | ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce/ICC Rates/etc. ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 810 Selective Service ☐ 850 Securities/Commodities/Exchange ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) |  | **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability |  | **PROPERTY RIGHTS** ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark |  |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability |  |  | **LABOR** ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | **CIVIL RIGHTS** ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/ Accommodations ☐ 444 Welfare ☒ 440 Other Civil Rights *Police Misconduct* | **PRISONER PETITIONS** ☐ 510 Motions to Vacate Sentence **HABEAS CORPUS:** ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition |  | **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Excessive force   28: 1983CV

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE 12/7/04

SIGNATURE OF ATTORNEY OF RECORD   *Joseph K. Chancellor*
305719G

FOR OFFICE USE ONLY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) John W. Rutledge a minor, v. Sgt. Kevin Paccines

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

     I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

     II. ✓    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

     III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

     IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

     V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                   YES ☐     NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                   YES ☐     NO ☑

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                   YES ☐     NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                   YES ☐     NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                   YES ☑     NO ☐

     A.     If yes, in which division do all of the non-governmental parties reside?

           Eastern Division ☐     Central Division ☐     Western Division ☑

     B.     If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

           Eastern Division ☐     Central Division ☐     Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                   YES ☐     NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Joseph K Chancellor
ADDRESS 116 Pleasant Street, suite 17, Easthampton, MA 01027
TELEPHONE NO. (413) 527-7141